1
2
3
4
5

**Price Law Group, APC**
Alla Gulchina (SBN 003732010)
86 Hudson Street
Hoboken, New Jersey, 07030
Tel: 818-600-5566
alla@pricelawgroup.com
*Attorneys for Plaintiff,*
*Yolanda Polhill*

6
7
8

## UNITED STATES DISTRICT COURT
## OF NEW JERSEY

9
10
11
12
13
14
15
16

| | |
|---|---|
| YOLANDA POLHILL,<br><br>      Plaintiff,<br><br>   vs.<br><br>NAVIENT SOLUTIONS, LLC.,<br><br>      Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

17

### COMPLAINT AND DEMAND FOR JURY TRIAL

18
19

Plaintiff, Yolanda Polhill, ("Plaintiff"), through her attorneys, alleges the following against Defendant, Navient Solutions, Inc. ("Defendant").

20
21

### INTRODUCTION

22
23
24
25

1.  Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts

the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy, Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns…that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

4. Diversity jurisdiction is proper under 28 U.S.C. § 1332.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Lindenwold, Camden County, New Jersey.

7. Defendant is a creditor engaged in the business of giving loans and managing credit accounts with its principal place of business located 2001 Edmund Halley Drive, Reston, VA 20191. Defendant can be served with process at Corporation Service Company. Bank of America Center, 16rh Floor, 1111 East Main Street, Richmond, VA 23219.

## FACTUAL ALLEGATIONS

8.  Defendant is attempting to collect a student loan debt from Plaintiff owed by Plaintiff's brother.

9.  Plaintiff is a co-signer for her brother's loan for account ending in -0058.

10. Plaintiff's brother has been making monthly payments pursuant to an agreement with Defendant.

11. According to an arrangement with Defendant, Plaintiff's payment would be applied to all existing loans with Defendant. However, the payments were credited to certain groups of loans creating an alleged default on other groups of loans.

12. When Plaintiff's brother would receive notification of a default or "past due" amount, he would contact the Defendant to adjust the balance and mark the account current. This process occurred almost monthly.

13. In and around May 2017, Defendant began placing calls to Plaintiff's cellular phone number (XXX) XXX-7024, in an attempt to collect on the alleged debt.

14. The calls came from the following telephone numbers: (607) 271-6188, (856) 242-2502, (317) 550-5589, (302) 261-5532, (703) 439-1079, (703) 439-1080, (570) 904-8747, (512) 354-2001, (615) 432-4230, (716) 707-3275, (615) 215-7706, (202) 899-1316, (765) 637-0793, (765) 637-0795, (317) 550-5602, (302) 261-5690, (703) 439-1081, (765) 637-0195, (512) 354-2002, (570) 904-8749, (570) 904-8747, (512) 354-2001, (202)-899-1316, (302) 261-5690, (386) 269-0326; upon information and belief these numbers are owned or operated by Defendant.

15. On or around May 3, 2017, at approximately 4:49 p.m., Plaintiff answered a collection call from Defendant, (607) 271-6188; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

16. Defendant informed Plaintiff that it was attempting to collect a debt.

17. Plaintiff instructed Defendant not to contact her any further.

18. Upon information and belief, between May 4, 2017 and August 16, 2017 approximately one hundred and thirty-one (131) were made to client after client revoked consent to be called.

19. On or around August 17, 2017, at approximately 3:58 p.m., Plaintiff answered a second collection call from Defendant, (716) 707-3275; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

20. Defendant informed Plaintiff that it was attempting to collect a debt.

21. Plaintiff instructed Defendant not to contact her any further.

22. Defendant ignored both of Plaintiff's requests to cease calls and continued calling her through October 31, 2017.

23. Upon information and belief, between August 18, 2017 and October 31, 2017 approximately one hundred and sixty-six (166) were made to client after client revoked consent to be called.

24. Defendant started calling Plaintiff again beginning August 2018.

25. On or around October 22, 2018, at approximately 4:03 p.m., Plaintiff answered a third collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

26. Defendant informed Plaintiff that it was attempting to collect a debt.

27. Plaintiff instructed Defendant not to contact her any further.

28. On or about January 7, 2019, at approximately 4:58 p.m., Plaintiff answered a fourth collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

29. Defendant informed Plaintiff it was attempting to collect a debt.

30. Plaintiff instructed Defendant not to contact her any further.

31. Defendant ignored all of Plaintiff's requests to cease calls and continued calling her through February 2019.

32. Upon information and belief, approximately six-hundred eleven (611) calls were made by the Defendant to the Plaintiffs cellular phone after Plaintiff had initially requested not to be contacted.

33. Defendants attempted to predict when Plaintiff was available by calling her the around the same time on different days. For example, Defendant called Plaintiff at 9:07 a.m. (October 10, 2018), 9:04 a.m. (October 11, 2018), 8:34 a.m. (October 12, 2018), 9:02 a.m. (October 15, 2018), and 9:02 a.m. (October 16, 2018).

34. Defendant called Plaintiff multiple times per day from early in the morning through the evening as many as eight to nine times per day.

35. Plaintiff received excessive calls during work days, causing severe stress and embarrassment at her place of employment.

36. Defendants calls has also disrupted Plaintiff's home life with her son and family.

37. Plaintiff was driven to buying over the counter pain relief medication for tension and headache relief caused by the excessive calls from Defendant.

38. The conduct was not only willful but done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt which was not in default.

39. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including but not limited to, emotional and mental pain and anguish.

40. Plaintiff's damages are in excess of $75,000.

## COUNT I

**(Violations of the TCPA, 47 U.S.C. § 227)**

41. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

42. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

(a)     Prior to the filing of the action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b)     Within four years prior to the filing of the action, on multiple occasions,  Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

43. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**COUNT II**

**(Invasion of Privacy/Intrusion Upon Solitude, Harassment and Stalking)**

44. Plaintiffs incorporated by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. Defendant intentionally intruded upon Plaintiffs' solitude, seclusion or private affairs and concerns. Defendant's intrusion would be highly offensive to a reasonable person and was unwarranted and unjustified.

46. Specifically, Defendant called Plaintiff in a frequent and daily manner with intent to harass her and invade her privacy and seclusion. Defendant was on notice that Plaintiff could not receive calls and ignored her repeated requests by continuing to bother and harass them at work and at home.

   **WHEREFORE**, Plaintiff, Yolanda Polhill, respectfully requests judgment be entered against Defendant, Navient Solutions, LLC formerly known as Navient Solutions, Inc., for the following:

      A.  Statutory damages of $500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B); 47 U.S.C. §227 (b)(3)(C);

      B.  Actual and punitive damages resulting from invasion of privacy;

      C.  Any other relief that the Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

   Please take notice that Plaintiff demands a trial by jury in this action.

//

//

                                 RESPECTFULLY SUBMITTED,

Dated: March 22, 2019      By:      */s/Alla Gulchina*
                                  Alla Gulchina (SBN 003732010)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Price Law Group, APC**
86 Hudson Street
Hoboken, NJ 07030
alla@pricelawgroup.com
*Attorney for Plaintiff,*
*Yolanda Polhill*